[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10597
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 15, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00061-CR-3-LAC-MD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BILLY RAY SCARLETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 15, 2009)

Before BLACK, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Billy Ray Scarlett appeals his 98-month sentence for conspiracy to distribute

and to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846. He argues that the district court failed to make specific findings of fact as to a cooperating codefendant's credibility, which, in Scarlett's view, led the district court to increase the quantity of cocaine for which he was accountable solely on the basis of the codefendant's purportedly unreliable trial testimony.

A district court must begin the sentencing process by correctly calculating the applicable guideline range. Gall v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 596, 169 L. Ed.2d 445 (2007). We normally review a district court's factual findings for clear error. United States v. Foley, 508 F.3d 627, 632 (11th Cir. 2007). Where the defendant fails to articulate clearly the grounds for an objection to the district court, we apply the plain error standard. See United States v. Massey, 443 F.3d 814, 818 (11th Cir. 2006). To demonstrate plain error, the defendant must show (1) an error that (2) is plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Olano, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776, 123 L. Ed.2d 508 (1993).

Here, although Scarlett objected below to the credibility of Tyson's testimony and to the use of that testimony in determining the amount of cocaine, he

did not object to the purported lack of specificity in the district court's findings of fact as to the quantity of drugs. Thus, we review for plain error Scarlett's argument that the district court failed to make the required specific findings of fact. To the extent that he challenges the credibility determination itself, we review for clear error.

When a defendant challenges a fact in the PSI, the government's burden of proof is triggered, and the government "has the burden of establishing the disputed fact by a preponderance of the evidence." United States v. Lawrence, 47 F.3d 1559, 1566 (11th Cir. 1995). Thus, the government must "move forward with evidence supporting its position," and "the district court [must] resolve the dispute by making appropriate findings of fact." United States v. Butler, 41 F.3d 1435, 1446 (11th Cir. 1995). "The findings of fact of the sentencing court may be based on evidence heard during trial, facts admitted by a defendant's plea of guilty, undisputed statements in the presentence report, or evidence presented at the sentencing hearing." United States v. Saunders, 318 F.3d 1257, 1271 n.22 (11th Cir. 2003) (quotation marks and alteration omitted). The court may consider any information regardless of its admissibility at trial, "provided that the evidence has sufficient indicia of reliability, the court makes explicit findings of fact as to credibility, and the defendant has an opportunity to rebut the evidence." United

3

States v. Baker, 432 F.3d 1189, 1253 (11th Cir. 2005).

"We accord great deference to the district court's credibility determinations." United States v. Gregg, 179 F.3d 1312, 1316 (11th Cir. 1999). The district court's perspective from having conducted both the trial and the sentencing puts it in the best position to make credibility choices among various pieces of testimony regarding, for example, the amount of drugs involved in a conspiracy. See United States v. Alred, 144 F.3d 1405, 1417 (11th Cir. 1998). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." United States v. Izquierdo, 448 F.3d 1269, 1278 (11th Cir. 2006) (quotation marks omitted).

Scarlett objected vigorously to any reliance upon his codefendant's testimony and he presented impeachment evidence both at trial and at sentencing. The district court found that other available evidence corroborated much of the codefendant's testimony and that it was unlikely that the codefendant only lied with respect to the events for which he was the sole witness. The court also found that the jury appeared to have accepted the codefendant's testimony and that the testimony was sufficient for sentencing purposes. Finally, the court found the codefendant's testimony with regard to the additional drug quantity to be consistent with "the entire story" of the conspiracy. The district court's findings of

4

fact with respect to the codefendant's credibility and reliability were not so nonspecific as to be plainly erroneous. Furthermore, in light of the available corroborating evidence, the codefendant's explanation for his previous contradictory statements, and the district court's opportunity to observe the codefendant throughout the proceedings, the court did not clearly err in choosing between the two permissible views of his credibility.

For the foregoing reasons, we affirm Scarlett's sentence.

**AFFIRMED.**